UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:21-cv-02172-SVW-SHK | Date | February 22, 2022 |
|---|---|---|---|
| Title | *Stusa Holdings et al v. Ford Motor Company et al* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings:**    **ORDER DENYING MOTION TO REMAND [8]**

Before the Court is Plaintiffs' motion to remand. *See* ECF No. 8. Remand may be granted for a defect in the removal procedure or for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). Under 28 U.S.C. § 1446(b)(1), a notice of removal must be filed within 30 days of receiving the initial pleading. If the initial pleading does not establish removability, another 30-day removal period is triggered upon receiving "a copy of an amended pleading, motion, order or other paper." *See* 28 U.S.C. § 1446(b)(3).

Plaintiffs, who purchased a vehicle from Defendant Ford Motor Company, allege that Defendant is liable under California law for breach of various vehicle warranties. Compl. ¶ 8, ECF No. 1-2; *see* Cal. Civ. Code §§ 1790, 1792, 1793.2. Plaintiffs contend that this case should be remanded because Defendant's Notice of Removal was untimely, and therefore procedurally defective. *See* Motion to Remand, ECF No. 8. Plaintiffs served the Complaint on October 29, 2021. *See* Declaration of Elizabeth C. Rein ("Rein Decl."), ECF No. 19-2. Defendant removed this matter from the San Bernardino Superior Court on December 30, 2021 on the basis of diversity jurisdiction. *See* ECF No. 1.

Though Defendant filed its Notice of Removal approximately two months after Plaintiffs' service of the complaint, Defendant asserts that Plaintiff's initial complaint did not establish removability because it failed to state an amount in controversy. Defendant is correct: the Complaint is silent as to the amount in controversy. *See generally* Compl.

Nevertheless, Plaintiffs assert that Defendant has sophistication and knowledge of the motor-vehicle industry, and vast experience defending against similar claims involving the same vehicle. *See* Mot. at 6, ECF No. 8. Accordingly, Plaintiffs argue that Defendant had the ability to ascertain an approximation of the market value of the vehicle based on the Complaint's allegations as to the vehicle make, mode, year, and VIN. *Id.* Plaintiffs also claim that the Complaint provided Defendant notice

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:21-cv-02172-SVW-SHK | Date | February 22, 2022 |
|---|---|---|---|
| Title | *Stusa Holdings et al v. Ford Motor Company et al* | | |

of the nature of the monetary relief sought because it indicated that damages exceeded $25,000 on the caption page and the accompanying Civil Case Cover Sheet. *Id.*

Plaintiffs' arguments are unavailing. The "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694-695 (9th Cir. 2005) ("[T]he ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin.").

Accordingly, Defendant was not obliged to inquire as to Plaintiffs' requested amount of damages. Defendant's subjective knowledge as to the cost of Plaintiffs' car is irrelevant, because the fact remains that defendants are not charged "with notice of removability until they've received a paper that gives them enough information to remove." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013) (holding that a defendant company's expertise in luxury automobiles did not create an obligation to supply information omitted by the plaintiff in reading the complaint) (quoting *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006)).

Plaintiffs' argument that Defendant was given notice by the case caption page indicating that damages exceeded $25,000 also fails: this does not establish that damages exceeded $75,000. "[D]efendants need not make extrapolations or engage in guesswork" to determine the basis for removability. *See id.*

Ultimately, Defendants were not able to ascertain the amount in controversy from the four corners of Plaintiffs' Complaint. As such, Defendant sought and received Plaintiffs' purchase contract from the dealership where Plaintiffs purchased the vehicle on December 2, 2021. *See* Rein Decl. at ¶¶ 3–4. Upon evaluation of the purchase contract, Defendant determined that the amount in controversy exceeded $75,000 and removed the case within the thirty-day removal period set forth under 28 U.S.C. Section 1446(b)(3) and (c)(3). *See* Rein Decl. at ¶ 5. Thus, because Defendant filed the Notice of Removal on December 30, 2021, the removal fell squarely within the 30-day period triggered on December 2, 2021.

Accordingly, Defendant has adequately demonstrated that the Notice of Removal was timely filed. For these reasons, Plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

:
_____

Initials of Preparer    PMC